Number 15-1165 Marshall Moriarty et al. v. Darwin W. Colvin et al. Thank you. Yes. May it please the Court, I'm Richard Greenberg representing Marshall Moriarty, an attorney in practice in the state of Massachusetts. He represented a client, Mr. Kantris, before the Social Security Administration successfully and sought reimbursement of his services from the Social Security Administration. The issue here- His client, when the client received the check for the state portion of the payment for the 25 percent- No, he's not permitted to do so. That would be a criminal act. You better explain that. The Social Security Administration regulates the fees which may be charged to Social Security clients. And there was an agreement for a 25 percent fee? There is an agreement for 25 percent, and the charge is conditioned on the Social Security Administration approving the fee to be charged. And in this case, they reduced the fee to be charged by the state supplement which was paid after a certain date. We consider that to be arbitrary, and what we seek to enforce here is the statutory obligation of the commissioner to set, A, a reasonable fee, and B, withhold 25 percent of the full retroactive benefit- Okay, then we have different understandings, and I'd like to get it clear. The commissioner did, in fact, withhold 25 percent for counsel fees from the federally obligated payment. That left the state payment, and the state had chosen to take over and no longer have the federal government administer the state portion of the payment. Isn't that correct? There is no distinction in the statute between- No, isn't that correct? That's what the federal government did and alleges that there is some distinction. Why is it that your client, the attorney, cannot seek payment from the state recipient of 25 percent of the state portion of this payment? The district court asked that question of the Social Security Administration, and my colleague provided a statement to the administration that the attorney, as is our understanding, is not permitted to do so under the statute. To request from the client any monies which are not approved by the Social Security Administration is a criminal offense. Does the Social Security Administration agree that after they say, no, that's the state's obligation to make that payment- No, they do not say it's the state's obligation. They forbid the state to do so without their approval. Without, but they have approved the payment. They've approved the payment subject to a limitation which is not envisioned by the statute. They've made an arbitrary distinction which is completely without any support in the statute. Counsel, I mean, there's no state administrative official that your client can go to to obtain the 25 percent portion of the state. There is no such official. There is no such official, and it is criminal to request it from the claimant. I would request respectfully that within one week, counsel for both sides get together and submit a letter to this court on that question. We will do so, Your Honor. Thank you. Okay, now that I've interrupted you. The position here is that the Social Security Administration has created a distinction which is not created in the statute, and the question is, can they do so? And of course, the operative test is Chevron. First of all, whether there's any ambiguity in the statute, and secondly, if there is ambiguity, whether or not that makes any sense. We suggest on both counts, the administration loses. On the one hand- Suppose we disagree with you on the plain meaning, on plain meaning under Chevron, and we think there is room for interpretation by the administrative agency. I know you disagree with me, but assume that. If we assume that, then we would go to the second question as to whether or not it's reasonable. Exactly. So why isn't this reasonable? Well, it's not reasonable because the secretary under the- excuse me, the commissioner under the Social Security Act has an obligation to set a reasonable fee, and that reasonable fee is to be based on past due benefits. Now, up until April of 2012, that included the state supplement. If it was reasonable prior to April of 2012, why is it not reasonable after April of 2012? I would suggest- Because the state opted out of having the federal government administer its system. A, they didn't really do that. All they're really doing is issuing the checks. The administration is still done exclusively by the Social Security Administration. There is no state application. There is no state adjudication. The state merely is advised by the Social Security Administration that they have approved the claim, and the state then issues exactly the same check. What is the significance of the state assuming responsibility for the administration of this portion of the benefits that are due? It must have some significance. I mean, the Social Security Administration suggests that they no longer know exactly how much is being paid or even how the funds are distributed. Nonsense. Okay. A, the administration has, of course, included in its brief its determination as to the amount of state benefits. B, there's a very simple process of simply asking the state how much they paid. And C, the administration all of the time deals with the state about the amount of benefits which are, A, due the state in reimbursement for interim benefits they may have provided pending the adjudication, and Medicaid and various other matters. There is absolutely no difficulty in the federal government determining how much the state supplement is. Your client, as a result of the award, gets two checks, correct? That's correct. One is federal and the other is state. Correct. And is your objective here to have the federal government take the 25 percent owed on the state portion and pay for that out of federal funds? Well, the short answer is yes, but the answer is that's what they've always done. And secondly, there is – No, but under the earlier system, did the state send a separate check? No. No. There was only one check. But they were reimbursed by the federal government. And, of course, as I was saying, the obligation to set the fee and to pay the fee is exclusively a federal obligation. There's nothing in the statute which says the monies have to come out of the state amount or out of the federal amount. These are all monies which are, in fact, owned by the claimant after the award. And they're fungible. The obligation of the commissioner is to set the fee and to pay that fee out of funds which the commissioner has available to her. There is no difficulty about the state obligation. Do you interpret the state position – I'm sorry, the federal position as being, yes, you get 25 percent of the federally funded portion of this, and we're saying nothing one way or the other about the state-funded portion? No, they're saying that the reasonable fee is 25 percent of the past two benefits. And you have no ability – you would have no ability to go against anyone in the state for that 25 percent? Neither the state nor the claimant has an obligation to us to make that payment. No, no, I didn't ask you that. An obligation to make that payment is a different question. Well, no, we have no right to, in fact, even seek it unless the federal government awards us that fee. I have one question. Is the merits determination of eligibility with respect to the state supplemental payment ever different than the merits determination? No. So it's the same question? There's only one hearing. There's only one application. Thank you. Thank you. Good morning, Your Honors. Karen Glitter. Counsel, could I just, at the very outset, could I ask you this question? Because I must say, I – perhaps it was a wrong assumption – I assumed in reading these briefs and evaluating this dispute that there was some place that the attorney could go at the state level to get the 25 percent of the state benefits that he's now – that he had been getting before when it was all in the federal system. Is that assumption incorrect? Is there really no place that he can now go to get that 25 percent that he was getting before? That is – that is – your assumption was incorrect in what you said, the second part is correct. And actually, the judge in the district court summary judgment decision addressed that and raised that as something that was of concern to that court, but not before it – before the court – I'm sorry, it's a little confusing. Can he or can he not go in the state system against someone to get his 25 percent? He cannot. He cannot. And that is because the – why? That is because the commissioner, the federal commissioner, establishes the fee as 25 percent of past due benefits with its regulations defining past due benefits to include federal benefits and federally administered state – excuse me, state supplements. So if the plaintiff were to go – if the attorney were to go after the state or to the client, he would be getting more of a fee than what had been approved by the commissioner. So this is an automatic reduction from 25 percent to some lesser sum because you've changed the base number against which the 25 percent operates. So – well, you have. You've excluded the state portion of the payment. Why, if before, before the state assumed responsibility for, I guess, the distribution of these funds, the 25 percent applied to both federal and state benefits, is that correct? So what – perhaps without understanding more, this does begin to sound a little irrational. What purpose is served by now precluding the attorney from getting that 25 percent portion of the state benefits simply because the administration of those funds has changed? What purpose is served by that? The change in the administration of the funds, in fact, makes it virtually impossible for the secretary to withhold 25 percent of a benefit that it doesn't administer, it doesn't have control of the funds. So as Your Honor pointed out, the amount of money, the pool of money that the federal government has, the Social Security Administration has from which to pull the 25 percent no longer includes that state supplement. So if you had a benefit of $10,000, the 25 percent is $2,500. If the state – and the state has the right to – although the federal government determines whether or not the claimant is entitled to benefits, the state systems vary from state to state as to how much the supplement will be. Massachusetts has its right to determine what that amount is going to be. So one, the federal government doesn't have the actual funds to pull it from, and two, there is not a mechanism other than an informal conversation to ascertain what the amount is. So for practical administrative reasons, the commissioner – No, I don't understand that. Other than an informal conversation, the federal government has no information about what the state is going to pay? The state doesn't – it's my understanding that the state does not send the federal government a copy of its check, does not report to the federal government through some communication system. This is what we are paying the claimant. That's my understanding of how it operates. There's a dispute of fact. Your opponent says, of course the feds know what the state payment is going to be. I think what I understood the lawyer for the plaintiff saying is that they talk all the time, and so in the course of communication they can get that information. The federal government did have a rough idea of what it was, but as illustrated in the facts of this case, the amount that the federal government thought the state supplement was going to be was not the same as what the plaintiff is saying the state supplement actually was. So there was a discrepancy in the numbers. Okay, I could see that that would be a good administrative reason. But what other reasons are there? You've given two. They are really administrative reasons. They are not based on – I guess that's the way to put it. They are administrative reasons, which is something within the Social Security Administration has to administer the program effectively and efficiently, and it made the determination that when it enacted that regulation to define past due benefits to not include state administered supplements, that that was the way the program would most efficiently operate. Counsel, we've been told that there's one hearing where a determination is made about the amount of past benefits due, and I gather at that hearing is it specified which of those past benefits due are federal and which are pursuant to the state supplement program? Is that specified at the hearing? No, Your Honor. The hearing will determine if the claimant is entitled to disability benefits in general. Then the administrators back in their office, the federal administrators calculate, okay, this is what the claimant is going to get. Meanwhile, the state administrators are informed that the claimant has been awarded benefits. How does that take place? I don't know the actual mechanics of it, but I do know that the fact that the claimant is entitled to benefits is communicated to the state. I don't know the mechanics of how that decision is communicated. Okay, so the federal authorities will not know the actual dollar amount of the state award of supplemental benefits? Is that what you're indicating? That's my understanding from my conversations with the administration. Now the other part of it, you say the attorney would be barred from going to the client or saying to the state a portion of that payment belongs to the attorney? That I am saying, I am agreeing with the plaintiff on that point. Okay. Is there a mechanism by which this state determination can be challenged? As to the amount of the benefits? Yes. That I do not know. It would not be through, I really do not know what that would be. It would be through the state system. But even so, you would argue federal law would preempt any such claim being made in the state system? As to the attorney's fees, correct. But as to a challenge to how the state calculated its supplement, my surmise would be that would be done in the state system, but I don't have information about that. So if an attorney, if there is a mechanism, I don't know either, to challenge the amount of the state award and the attorney goes through that process, that has to be done gratis? That really, I'm sorry Your Honor, that's something I don't know the answer to. It doesn't come up in the context of the federal program. So let me ask the question, so then are you acknowledging that perhaps the attorney could make a claim against the client for pursuing the state supplemental payment if there is, if there's some merits dispute about the amount? No, I'm not saying that. My understanding is that the plaintiff attorney could not claim any amount of the fee in excess of what the Social Security Administration had approved as the fee, which in this case was 25 percent of only the federal benefits. There is something very odd about this. The attorney does the work and makes the claim before an administrative law judge that his client is entitled to these disability benefits. And then it turns out that even if there's been approval of a fee agreement that he or she gets 25 percent of that, there's actually a significant caveat to that. Well, it's actually only 25 percent of the federal benefits, not 25 percent of the state benefits. But I don't understand the rationality for that carve out. All the work's been done, and now in a way the value of that work has been diminished by a refusal to apply that 25 percent to the state benefits. Why should an attorney be penalized? Why should the attorneys who do this work, why should they be penalized in that way? It is a penalty for sure. Another way to look at it, if I may, Your Honor, is that some states don't even have a supplement. So the attorney who is getting 25 percent of the fee in those states is not getting any percentage of the state supplement. So the reasonableness of the fee is not only measured by how much work the attorney does, but it's measured also, determined reasonable in terms of the confines of the administration of the program. The attorney, we're talking about a very small amount here as to what the attorney is not getting when he's getting $300-something. In this particular case, I think that's what it was. Here's what I don't understand. I can understand that the federal government doesn't want to have to pay out what is the state obligation. But why is it that you're precluding the lawyers from pursuing any state remedies by saying they don't have the right to do that? My understanding is it's an interpretation that the fee is capped at 25 percent of past due benefits. The regulation that binds Social Security defines past due benefits not to include the state program. We understand mechanically, and as Judge Lopez just pointed out, you've actually reduced the 25 percent by something from the total sum the lawyer was going after. Is it because lawyers are prohibited from having such fee agreements unless they are approved by the secretary? Why is it you're blocking the lawyer from going against the state? The fee agreement, just as a point of clarification, if it needs it, the money is not coming from either the federal government or the state. It's coming out of the claimant's benefits. So it's not a fee being paid by the government. It's not that the government would have to take more money out of its pocket. It would take more money from the claimant's benefit. And it's not that there's anything that says you can't do that, but it would violate the statutory maximum fee, which is past due benefits, and the regulation excludes that portion of the benefits. I agree with Your Honors that there is a slight question as to why it is that way, but I believe that there's sufficient reasons for why it is that way that makes it rational under the Chevron statute. Well, that's the question. You know, under Chevron deference, we look at the reasonableness of the interpretation, and that's why we pursued you with these questions. But I still have a different problem that I don't think I've heard an answer yet. What's being created here, I mean, I think I can understand the logic behind why give the attorney extra money for a merits argument that the attorney already has to make on the federal side anyway. I think I get the logic of that, but the disincentive to correct any errors on the state side that's created is what's bothering me. Because you've said the attorney can't be paid for that work, so why would the attorney ever challenge the state award? And unfortunately, I don't know whether there's a mechanism at all whether state awards can be challenged and how that would be done. So I, unfortunately, I would be happy to submit something supplemental on that. Well, that's important. I mean, there could be an error on the state side. You say that the calculation of the amount due is entirely a state determination. Is that correct? That's my understanding, yes. You think there'd have to be some recourse if it's not calculated correctly? You would think so, and again, I'd be happy to file something within a week that would address that question. Well, yes, we invite the parties to do that. We'll have to decide whether we can look at it or not once we see it. I have another question. Does the government, is it the government's view that we can bypass the jurisdictional question and go to the merits here? I believe there is a valid jurisdictional question, but it is a disputed one, and I do believe that it's, so I, so the court decides, I believe that the jurisdictional argument is another basis upon which you can. Yes, but that's not the question. Can we use hypothetical jurisdiction to reach over the jurisdictional question because it's merely statutory and not constitutional in order to reach the merits of the case? Would Your Honors permit me to file something supplemental on that within a week? Yes. Thank you. Counsel, we hope that you don't even, did you reserve any time? No. Okay. Would you like a minute or are you good? Thank you.